IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. **PJM 12-623** |
| | * | |
| **KENNETH WAYNE WATFORD,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Kenneth Wayne Watford, convicted of multiple counts related to a fraud scheme to obtain luxury vehicles at automobile dealerships, is serving a sentence of 135 months at the Federal Correctional Institute in Terre Haute, Indiana. His conviction and sentence were affirmed by the Fourth Circuit. He has also been an active serial filer. Once again, he appears before the Court raising, as best the Court can unspool, issues that this Court and/or the Fourth Circuit has already rejected. These motions can be denied summarily.

### I.   Motion to Vacate for Lack of Jurisdiction (ECF No. 343)

In his one-page motion, Watford asks the Court to vacate his judgment pursuant to Fed. R. Civ. P. 60(b)(4) for "lack of jurisdiction." There is no discernable claim asserted and the Court previously denied another, similar motion by stamping it "denied." Accordingly, this Motion is **DENIED**.

### II.   Motion for Release Pending Appeal for Lack of Jurisdiction (ECF No. 344)

In an undated motion that was docketed on June 10, 2019, Watford asks to be released "pending the outcome of his appeal that will result in his sentenced [*sic*] being overturned or being reduced to a sentence less than the sentence he has remaining." He does not clearly state which appeal he refers to. However, the caption of the motion lists USCA No. 19-6218, which was

1

dismissed by the Fourth Circuit as duplicative on June 18, 2019. ECF No. 349. This Motion is **DENIED**.

### III. Motion for New Trial (ECF No. 346)

Watford has filed multiple Motions for a New Trial. He filed his first on April 30, 2015, two weeks after the jury returned its verdict, which the Court denied on July 28, 2015. He filed a second motion on April 20, 2018, which he amended on June 4, 2018, which was denied as untimely on May 17, 2019. He has now filed a third Motion for a New Trial, arguing that he has "new discovered evidence," but that "evidence" is a verbatim recitation of the "evidence" presented in the Second (Amended) Motion for New Trial—previously denied by the Court. As such, the duplicative Motion is **DENIED**.

### IV. Motion to Disqualify (ECF No. 353)

Watford filed a Motion to Disqualify pursuant to 28 U.S.C. § 144, alleging that the Court was "conspiring with others that's [sic] involved in [Watford's] case to commit fraud, by totally having disregard for the law and for the truth." He has previously filed a "Motion to Recuse" pursuant to 28 U.S.C. § 455 on March 20 2014, alleging that this Court "deliberately violated" his personal liberties and "refused to provide due process and equal protection." The Court denied the motion. On August 14, 2014, Watford filed a Complaint Form against the Court, which was construed as a Motion for Recusal, which the Court denied during a telephone conference held on August 28, 2014. The Motion is **DENIED**.

### V. Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 355)

Watford filed a Motion to Vacate on August 16, 2019, alleging that the Court made sentencing errors in scoring his criminal history, applying sentencing enhancements, and setting restitution. The Government opposed, arguing that the motion is untimely and outside the bounds

of a § 2255 challenge. Watford then filed several "supplements," one of which is actually another "Motion to Set Aside Judgment for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 60(b)(4)," and another motion arguing that an unlawful arrest took place that may or may not have been tied to the crime in his case. Again, his motion is untimely, beyond the scope of available relief, and duplicative. The Motion is **DENIED**.

### VI. Motion to Reduce Sentence (ECF No. 401)

Watford has again moved the Court to be resentenced, claiming that he is entitled to a 2-level point reduction to his criminal history. This argument is again duplicative of claims the Court previously denied. *See* ECF No. 336. The outcome is no different today, and the Motion is **DENIED**.

### CONCLUSION

For the foregoing reasons, Defendant's Motions are **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February 17, 2021